## Commonwealth v. Edelson.

*Daniel B. Strickler,* for Commonwealth; *W. Hensel Brown,* for defendant.

GROFF, P. J., July 11, 1931.—Municipal Lien Docket No. 22, at page 244 of the court of common pleas of this county, shows that on December 11, 1930, a certificate of lien was filed by the Commonwealth of Pennsylvania against Harry Edelson, for $903.71, unpaid gasoline tax for the quarters ending April 1, 1927, to July 1, 1929, together with $70.19, the amount of attorney's collection commission on the said claim, which claim was entered on a gasoline tax settlement made against the defendant on November 29, 1930.

The lien on the face of it shows that the tax for which the lien was filed was settled against the dealer on November 29, 1930. The affidavit of defense filed in the case makes no claim as a defense except that there was a leakage in defendant's tanks during the period covered by the tax liened for, and that by reason of said leakage the tax should be reduced $577.98, in other words,

that there is due the Commonwealth by reason of the said leakage only $325.73, instead of $903.71, the amount liened.

We think the defendant is too late to take advantage of this leakage at the present time.

Section four of the Liquid Fuels Tax Act of May 1, 1929, P. L. 1037, fixes the duty of the dealer and consumer to transmit to the Department of Revenue, before the fifteenth of each month, a statement or return, under oath or affirmation, of the liquid fuels purchased, sold, etc.

Section five provides that the dealer shall pay to the State Treasurer, through the Department of Revenue, "the amount of the tax due for the month covered by such statement or return. . . ."

Section six provides that the Department of Revenue, "or any agent appointed in writing by it, is hereby authorized to examine the books and papers of any dealer or consumer, pertaining to the business made taxable by this act, to verify the accuracy of any statement or return. . . ."

Section seven (a) provides what shall be done if the department is not satisfied with the statement or return made by the dealer or consumer.

Section seven (b) provides that the department, after the determination of the tax due, shall send, by mail or otherwise, a copy thereof to the dealer or consumer, and that within thirty days after the date of any such determination such dealer or consumer may file with the department a petition for redetermination of such tax, and then prescribes what such petition shall have.

Clause (c) of the same section provides that:

"Within thirty days after notice by the department of the action taken on any petition for redetermination filed with it, the dealer or consumer, against whom such determination was made, may, by petition, request the Board of Finance and Revenue to review such action," and then prescribes what the petition shall contain.

Clause (d) of the same section provides that:

"The department, or any person aggrieved by the decision of the Board of Finance and Revenue, or by the board's failure to act upon his petition for review within ninety days, may, within sixty days thereafter, appeal to the court of common pleas of Dauphin County from the decision of the Board of Finance and Revenue, or from the decision of the department, as the case may be. . . ."

Clause (e) of the same section provides that:

"If any dealer or consumer, or other person, shall neglect or refuse to make the statement or return required by this act, the department may estimate the tax due by such dealer or consumer, and determine the amount due by him for taxes, interest, and penalties thereon, as prescribed herein, from which determination there shall be no right of review or appeal."

Section twelve of the same act provides that:

"All taxes collected by a dealer or consumer for the Commonwealth shall be considered a public account after being determined in the manner herein prescribed, and, as such, shall be a lien upon the franchises or property, both real and personal, of any dealer or consumer, after the same has been entered and indexed of record by the prothonotary of the county where the dealer's or consumer's franchises or property are situated."

Section thirteen of the same act provides that:

"Whenever such taxes, interest, or penalties, forming the public account herein provided, are not paid within thirty days from the date of their determination, if no petition for redetermination has been filed, or from the date

of redetermination if no petition for review has been filed, or within ninety days from the date of the decision of the Board of Finance and Revenue upon a petition for review, or the expiration of the board's time for acting upon such petition if no appeal has been filed, and in all cases of judicial sales, assignments, or bankruptcies, the department shall call upon the Department of Justice to collect such account. The Department of Justice may employ counsel to collect the same, and such counsel is authorized and directed to add to the amount of such public account, and to collect from such dealer or consumer, for the purpose of compensating such counsel so employed, a counsel's commission, . . . which commissions, together with costs, shall be paid by such dealer or consumer, and shall have the same priority and lien as such public account provided for herein. . . ."

Section fourteen (a) of the same act provides the method by distraint which may be used in the collection of taxes due as aforesaid. It will be noticed that while the remedy by distraint may be used, it is not, in our opinion, exclusive.

Section 1401 of the Fiscal Code of April 9, 1929, P. L. 343, provides that:

"All State taxes imposed under the authority of any law of this 'Commonwealth, now existing or that may hereafter be enacted, . . . and all public accounts [and the account here in controversy is a public account under section twelve of the Liquid Fuels Tax Act above referred to] settled against any . . . person, shall be a first lien upon the franchises and property, both real and personal, of such . . . person, from the date of settlement. . . ."

Section 1404 of the said Fiscal Code provides for entry of tax liens and a scire facias thereon, as follows:

"The Department of Revenue may, at any time, transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for State taxes, . . . penalties, which may now exist, or hereafter arise, by virtue of any law of this Commonwealth, upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution, in the same manner as such writs are ordinarily employed."

Section 1405, which provides for the collection of taxes, etc., by the Department of Justice, says:

"Whenever any taxes, . . . penalties, . . . are not paid within ninety (90) days (1) From the date of settlement, if no petition for resettlement has been filed; . . . the Department of Revenue shall call upon the Department of Justice to collect the same.

"The Department of Justice may appoint special attorneys for this purpose, and such attorneys are authorized and directed to add to the settlements for taxes, bonus, interest, penalties, . . . and to collect from the . . . person owing them, for the purpose of compensating such attorneys so employed, a counsel's commission, based on the amount of the collections at the following rates, . . ." which, in the case in hand, would be the amount fixed in the lien.

Considering the provisions of the Fiscal Code, and all the facts and statements set forth in defendant's affidavit of defense, we conclude that the defendant was obliged to raise the contention he raises in his affidavit of defense in a petition for a resettlement to the proper department, and having failed therein for more than the statutory time, he is now excluded from asking for a resettlement, and not having asked for a resettlement, he has no remedy by appeal to the Dauphin County courts.

The action of the Revenue Department in entering the lien in Lancaster County was in accord with the directions of the Fiscal Code, and a scire facias on said lien was, under said code, a proper procedure for the collection of the amount liened.

The question that was raised in the affidavit of defense cannot be raised in this court at this time, and, therefore, we enter judgment on the scire facias in favor of the Commonwealth, and against the defendant, for $973.90, with legal interest on $903.71 from November 29, 1930.

We direct the prothonotary to make the proper calculation of interest at the time this opinion is filed, and to enter judgment thereon against the defendant, Harry Edelson, for $973.90, plus interest calculated as above suggested.

From George Ross Eshleman, Lancaster, Pa.